Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1716 | **DATE** | 10/1/2004 |
| **CASE TITLE** | Russell Owens vs. Mitsubishi Motor Sales of America, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's motion for partial summary judgment (17) is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 04 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SLB | courtroom deputy's initials | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 04 2004

RUSSELL OWENS,            )
                          )
            Plaintiff,    )
                          )
      v.                  )   Case No. 04 C 1716
                          )
MITSUBISHI MOTOR SALES OF AMERICA,  )   George W. Lindberg
MAX MADSEN COUNTRYSIDE              )   Senior United States District Judge
MITSUBISHI, and MITSUBISHI MOTORS   )
CREDIT OF AMERICA, INC.,            )
                                    )
            Defendants.   )

## MEMORANDUM AND ORDER

On January 16, 2004, Plaintiff Russell Owens ("Owens") filed his seven-count complaint against Defendants Mitsubishi Motor Sales of America, Max Madsen Countryside Mitsubishi, and Mitsubishi Motors Credit of America, Inc. (collectively, "Defendants") in the Circuit Court of Cook County, Illinois. Count IV of Owens's complaint alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBPA") and asks the Court, *inter alia*, to award Owens damages, punitive damages, equitable relief, attorneys' fees, and costs. Defendants removed Owens's civil action to this Court on March 4, 2004.

On August 11, 2004, Owens filed a motion for summary judgment against Defendant Max Madsen Countryside Mitsubishi ("Max Madsen") on Count IV of his complaint. Owens's motion is hereby denied.

*Legal Standards – Summary Judgment*

Summary judgment will be granted only "when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"[1] *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060 (7th Cir. 2003) (quoting Fed. R. Civ. P. 56). In making this determination, the Court must "constru[e] all facts. . .and draw[] all reasonable inferences from those facts. . .in favor of the. . .non-moving part[y]. . . ." *Id.* (citation omitted).

### Analysis

To prevail on his motion, Owens must show that he is entitled to judgment as a matter of law on his ICFDBPA claim. More specifically, he must establish the following five elements: "(1) a deceptive act or practice by [Max Madsen], (2) [Max Madsen's] intent that [Owens] rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to [Owens] (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002) (citations omitted); *Bunting v. Progressive Corp.*, 809 N.E.2d 225, 231 (Ill. App. Ct. 2004) (same); *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 803 N.E.2d 1020, 1027 (Ill. App. Ct. 2004) (same). Because genuine issues of material fact exist with respect to whether Owens suffered actual damage proximately caused by Max Madsen's alleged deception, his summary judgment motion must be denied.[2]

Owens must prove that he suffered actual damage; actual damage may not be presumed. *See Oliveira*, 776 N.E.2d at 160 ("a private cause of action. . .requires proof of 'actual damage'") (citation omitted); *Tolve v. Ogden Chrysler Plymouth, Inc.*, 755 N.E.2d 536, 541-42 (Ill. App. Ct. 2001) ("damage may not be presumed under the Consumer Fraud Act") (citation omitted).

---

[1] Of course, the Court is "not required to scour every inch of the record for evidence that is potentially relevant to" Owens's summary judgment motion. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003) (citations omitted).

[2] In light of this finding, the Court will not address Max Madsen's other arguments.

In an effort to satisfy his burden, Owens argues that he has sustained the following damages: (1) the 2001 Mitsubishi Galant he purchased from Max Madsen was worth less than a 2001 Mitsubishi Galant with 472 miles on the odometer, (2) he paid a price in excess of the Manufacturer's Suggested Retail Price ("MSRP") for the 2001 Mitsubishi Galant he purchased, and (3) aggravation and inconvenience. After reviewing the parties' filings, the Court finds that genuine issues of material fact exist with respect to all three damage claims. Accordingly, Owens is not entitled to summary judgment on his ICFDBPA claim.

Owens offers absolutely no evidence that suggests the vehicle he purchased was worth less than a 2001 Mitsubishi Galant with 472 miles on the odometer. Instead, he relies solely on his "belie[f] that the Galant he purchased on 2/21/01 with 9,000 miles on it was worth less than the same car with zero miles on it." (*See* Owens's L.R. 56.1(A)(3) Stmnt., at ¶12; Owens Aff., at ¶15.) As an initial matter, this statement is not relevant to Owens' ICFDBPA claim. Instead of comparing a 2001 Mitsubishi Galant with 472 miles on the odometer to the vehicle he purchased, Owens's statement in his affidavit compares a 2001 Mitsubishi Galant with *zero* miles on the odometer to the vehicle he purchased. Furthermore, Owens's *belief* that there is a difference in value between the two vehicles is not evidence that a difference actually exists. *See Petty v. Chrysler Corp.*, 799 N.E.2d 432, 439 (Ill. App. Ct. 2003) ("[D]amages may not be predicated on mere speculation, hypothesis, conjecture or whim.") (citation and internal quotation marks omitted); (*see also* Max Madsen's Stmnt. of Add'l Mat. Facts, at ¶¶27-28 ("[Owens] has no automotive training, experience, or knowledge in order to value, sell, or appraise automobiles, nor does he know the value of his vehicle or vehicles at the time of sale. . . .[Owens] did not review any publications, manuals, materials, or other information relative to the value of the subject 2001 Mitsubishi Galant nor did

[Owens] consult with any experts regarding valuation of the subject vehicle.").)[3]

Additionally, genuine issues of material fact exist with respect to whether the amount paid by Owens in excess of the MSRP constitutes actual damage. In his statement of facts, Owens states:

> [He] paid a base price of $23,845.50 for the vehicle as a new Galant and the [MSRP] of the vehicle was $21,527.00. . . .[He] therefore paid more than the MSRP for the vehicle as a new vehicle, and the vehicle was not a "new" vehicle but had over 9,000 miles on it. [He] did not agree to pay more than the MSRP for the vehicle and was not shown the MSRP sticker for the vehicle.

(Owens's L.R. 56.1(A)(3) Stmnt., at ¶12.) However, Owens does not state in his affidavit that Max Madsen failed to show him the MSRP sticker for the vehicle. (*See* Owens Aff., at ¶15.) Instead, Owens simply notes that he paid a price in excess of the MSRP for the vehicle he purchased and that he did not agree to do so. (*See id.*) In light of the evidence presented by Max Madsen, these two facts are not sufficient grounds from which to enter summary judgment in Owens's favor.

In response to Owens's motion, Max Madsen provides an affidavit from Dusan Gerlak which states that "[t]he subject vehicle was offered for sale and for viewing to the general consuming public inside the Max Madsen Countryside building on February 21, 2001 and with the Monrooney ("MSRP") sticker properly attached to the subject vehicle's window." (Max Madsen's Stmnt. of Add'l Mat. Facts, at ¶11; Gerlak Aff., at ¶5.) Owens does not respond to this statement, so it is deemed admitted. *See* N.D. Ill. L.R. 56.1(a). Gerlak's affidavit also notes that (1) "[a]t no point in time during the negotiations. . .did [Owens] inquire about the subject vehicle's MSRP to

---

[3]Owens did not respond to paragraphs 27 and 28 of Max Madsen's Statement of Additional Material Facts. By operation of Northern District of Illinois Local Rule 56.1(a), the facts included in those paragraphs are deemed admitted. *See* N.D. Ill. L.R. 56.1(a).

4

me" and (2) Owens was verbally advised that there were 8,572 miles on the odometer of the vehicle he purchased prior to purchasing the same.[4] (Max Madsen's Stmnt. of Add'l Mat. Facts, at ¶¶16-19, 21; Gerlak Aff., at ¶¶11-14, 17.) These statements are also deemed admitted. *See* N.D. Ill. L.R. 56.1(a). Taken together, these statements create genuine issues of material fact with respect to whether the amount paid by Owens in excess of the MSRP constitutes actual damage. Indeed, a reasonable jury might conclude after reviewing the evidence that the amount paid by Owens in excess of the MSRP was simply a bargained-for sum obtained by Max Madsen through a legal consumer transaction. *See Cerutti*, 349 F.3d at 1060.

Finally, genuine issues of material fact exist with respect to whether Owens suffered aggravation and inconvenience damage. Owens's statement of facts provides that "Owens sustained aggravation and inconvenience damage having the vehicle misrepresented to him as new, and having only 472 miles on it." (*See* Owens's L.R. 56.1(A)(3) Stmnt., at ¶13.) This statement misstates the testimony provided by Owens in his affidavit. As confirmed by Owens's principal brief in support of his summary judgment motion, Owens's affidavit states that he sustained aggravation and inconvenience damage on two specific occasions: (1) when he allegedly confronted Joe Kilian on February 21, 2001 about the mileage reflected on the odometer of the vehicle he purchased and (2) when he was "falsely told the vehicle was []new and falsely told the vehicle had only 472 mile[s] on it. . . ." (*See* Owens Aff., at ¶¶11, 14.) After reviewing the evidence submitted by the parties, the

---

[4]Additional issues of material fact were created by Owens's failure to respond to paragraphs 16, 17, 18, 19, and 21 of Max Madsen's Statement of Additional Material Facts. By operation of Northern District of Illinois Local Rule 56.1(a), the Court deems the facts included in those paragraphs admitted. *See* N.D. Ill. L.R. 56.1(a). However, Owens's Local Rule 56.1(A)(3) Statement includes facts supported by citations to Owens's affidavit that directly contradict at least one of his admissions.

5

Court concludes that genuine issues of material fact exist with respect to both claims. For example, Max Madsen provides evidence that suggests (1) the February 21, 2001 confrontation never occurred (*see* Max Madsen's Stmnt. of Add'l Mat. Facts, at ¶¶22-23; Kilian Aff., at ¶¶7-8)[5] and (2) Owens was verbally advised that there were 8,572 miles on the odometer of the vehicle he purchased prior to purchasing the same (*see* Max Madsen's Stmnt. of Add'l Mat. Facts, at ¶¶16-19; Gerlak Aff., at ¶¶11-14).

Because genuine issues of material fact exist with respect to whether Owens sustained actual damage proximately caused by Max Madsen's alleged deception, Owens is not entitled to partial summary judgment on Count IV of his complaint.

**ORDERED**: Owens's motion for partial summary judgment [17] is denied.

DATED: OCT 01 2004    ENTER:    _/s/ George W. Lindberg_
HON. GEORGE W. LINDBERG
Senior United States District Judge

---

[5] Additional issues of material fact were created by Owens's failure to respond to paragraphs 22 and 23 of Max Madsen's Statement of Additional Material Facts. By operation of Northern District of Illinois Local Rule 56.1(a), the Court deems the facts included in those paragraphs admitted. *See* N.D. Ill. L.R. 56.1(a). However, Owens's Local Rule 56.1(A)(3) Statement includes facts supported by citations to Owens's affidavit that directly contradict at least one of his admissions.