Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1716 | DATE | 10/27/2004 |
| CASE TITLE | Russell Owens vs. Mitsubishi Motor Sales, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

1) ☐ Filed motion of [ use listing in "Motion" box above.]
2) ☐ Brief in support of motion due _____.
3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
4) ☐ Ruling/Hearing on _____ set for _____ at _____.
5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
7) ■ Trial set for 12/6/2004 at 10:00 A.M..
8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
10) ■ [Other docket entry] Defendants' motion for summary judgment (18) is granted in part and denied in part. Proposed final pretrial order to be submitted to chambers at 10:00a.m. on November 15, 2004. Enter memorandum and order.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| No notices required, advised in open court. | | Document Number |
|---|---|---|
| No notices required. | number of notices | |
| Notices mailed by judge's staff. | | |
| Notified counsel by telephone. | OCT 28 2004 date docketed | |
| ✓ Docketing to mail notices. | | 45 |
| Mail AO 450 form. | docketing deputy initials | |
| Copy to judge/magistrate judge. | | |
| SLB courtroom deputy's initials | 2004 NOV 27 PM 1:19 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Russell Owens, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>Mitsubishi Motors Sales of America, Inc. )<br>Max Madsen Countryside Mitsubishi )<br>Mitsubishi Motors Credit of America, Inc. )<br>)<br>Defendants. ) | No. 04 C 1716<br><br>JUDGE GEORGE W. LINDBERG |

**DOCKETED OCT 2 8 2004**

## MEMORANDUM AND ORDER

Plaintiff, Russell Owens commenced this action against defendants Mitsubishi Motors Sales of America, Inc. ("Mitsubishi "), Mitsubishi Motors Credit of America, Inc. ("MMCA") and Max Madsen Countryside Mitsubishi ("Max Madsen") for fraud and breach of warranty in connection with the sale of a 2001 Mitsubishi Galant. Specifically, Counts I and II of the complaint seek damages for breach of written warranty and implied warranty of merchantability and Counts IV and V allege a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and common law fraud. In Count VI, plaintiff alleges a violation of the federal odometer statute against defendant Max Madsen. In Counts III and VII, plaintiff seeks revocation of all contracts between plaintiff and all defendants for all amounts paid to defendants, damages incurred, plus costs and attorney fees. The suit was originally filed in the Circuit Court of Cook County and was removed to this court by defendants on March 4, 2004. Mitsubishi and MMCA ("defendants") have moved for summary judgment on Counts I, II, III,

IV, V and VII. For the reasons set out below, defendants' motion for summary judgment will be granted in part and denied in part.

Under the Federal Rules of Civil Procedure summary judgment must be granted when there is no issue of material fact in dispute between the parties. Fed. R. Civ. P. 56(b). The court must view the evidence making all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The movant bears the initial burden of demonstrating that no material factual issue exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the movant has properly supported his motion, the non-moving party must offer specific facts demonstrating that a material dispute indeed exists. Id. "The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial." Weicherding v. Riegel, 160 F.3d 1139, 1142 (7th Cir. 1998). A mere scintilla of evidence is not sufficient to defeat a proper motion for summary judgment. Anderson, 477 U.S. at 245.

On February 21, 2001, plaintiff purchased a 2001 Mitsubishi Galant from Max Madsen. Max Madsen represented to plaintiff that the 2001 Galant was a "new car". The vehicle was purchased with a limited warranty from Mitsubishi for 3 years or 36,000 miles. Max Madsen gave plaintiff this written warranty at the time of sale. Max Madsen provided plaintiff with a copy of an odometer disclosure statement on the date of purchase that indicated that the mileage on the vehicle was "472 miles". Plaintiff later learned when he started the vehicle that the actual mileage was 9,000 miles and demanded revocation of acceptance from Max Madsen immediately on the date of purchase. Max Madsen refused to cancel the transaction.

04 C 1716

Around March 5, 2001, plaintiff brought the vehicle back to Max Madsen for the installation of mud flaps and a spoiler and for recall work. The vehicle had 9,493 miles on the odometer at the time of repair. Subsequently, plaintiff experienced problems with the vehicle's windshield wiper blades, a loose windshield wiper switch, a loose glove box assembly and illumination of the SRS light. Plaintiff made four visits to an authorized Mitsubishi dealership between March 2001 and April 2002. All of the aforementioned defects were fixed in one attempt by Max Madsen at no cost to plaintiff. Plaintiff contends that at least one vehicle- breakdown and numerous other complaints concerning the function of the vehicle were never reported to Max Madsen. In October 2003, plaintiff contacted Mitsubishi directly to give notice of revocation of acceptance.

Defendants first seek summary judgment on Count IV, for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and on Count V, for common law fraud on the theory that Max Madsen was not the actual or apparent agent of Mitsubishi. Specifically, defendants argue that as a matter of law Max Madsen did not have express authority to act on behalf of Mitsubishi and Mitsubishi did not consent to or knowingly acquiesce in Max Madsen's exercise of authority. Genuine issues of material fact exist as to whether Max Madsen was acting as an apparent agent of Mitsubishi; therefore, defendants' request for summary judgment on Counts IV and V of the complaint is denied.

To prove fraud under the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV), it is necessary that plaintiff establish: (1) defendants engaged in a deceptive act or practice; (2) defendants intended that plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving a trade; and (4) proof of actual damage (5) proximately

3

04 C 1716

caused by the deception. <u>Oliveira v. Amoco Oil Co.</u>, 776 N.E.2d 151, 157 (Ill. 2002). To prove common law fraud (Count V), it is necessary that plaintiff establish: (1) defendants made a false statement of material fact; (2) defendants knew that the statement was false; (3) defendants intended that the statement induce plaintiff to act; (4) plaintiff relied upon the truth of the statement; and (5) damages to plaintiff resulting from reliance on the statement. <u>Connick v. Suzuki Motor Company, Ltd.</u>, 675 N.E.2d 584, 590 (Ill. 1996). In this case, defendants do not claim to be entitled to summary judgment because of a lack of genuine issues of material fact with respect to the elements of the two fraud claims. Instead, defendants claim that because there is no genuine issue of material fact as to whether Max Madsen was acting as either the actual or apparent agent of Mitsubishi, defendants are entitled to summary judgment. Because there are genuine issues of material facts as to whether plaintiff relied and believed Max Madsen was acting as an apparent agent of Mitsubishi, defendants' request for summary judgment on Counts IV and V is denied.

An actual agency exists when (1) the principal has the authority to control the manner and method in which the agent performs and (2) the agent has the power to subject the principal to personal liability. <u>Knapp v. Hill</u>, 657 N.E.2d 1068, 1072 (Ill. App. 1995). To defeat defendants' summary judgment motion, plaintiff must present sufficient evidence that a reasonable trier of fact could find that Mitsubishi gave Max Madsen the authority to misrepresent the mileage on the vehicle, and this authority subjected Mitsubishi to potential liability for this misrepresentation. <u>Id.</u> An automobile dealer can be the agent of an automobile manufacturer when the alleged agent has actual authority to act on the principal's behalf. <u>Connick</u>, 675 N.E.2d at 590. An actual agency is created by a specific grant of authorization to

4

04 C 1716

perform a certain act; it requires some acquiescence by the agent and some authority from the principal. Progress Printing Corp. v. Jane Byrne Political Comm., 601 N.E.2d 1055, 1065 (Ill. App. 1992).

Plaintiff alleges in his complaint that Max Madsen had actual authority to act on Mitsubishi's behalf in falsely reporting the actual mileage of the vehicle. Plaintiff has presented evidence that Mitsubishi required Max Madsen "to use the Mitsubishi Motor Sales logo on signs, and identify themselves as authorized dealers of Mitsubishi." Plaintiff argues that Max Madsen was an actual agent because Max Madsen is an "authorized dealer" for Mitsubishi. However, the term "authorized dealer" is purely a sign of a trademark which is used by independent dealerships and means nothing more than a dealer who sells those particular vehicles. Washington v. Courtesy Motor Sales, Inc., 199 N.E.2d 263, 268 (Ill. App. 1964).

However, plaintiff stated in his deposition that Max Madsen acted alone in misrepresenting the actual mileage on the vehicle at the time of sale. Plaintiff does not point to any evidence that Mitsubishi required Max Madsen to misrepresent the mileage on the vehicle's odometer at the time of sale. Further, in the "Dealer Sales and Service Agreement", Mitsubishi limited the scope of the agency by specifically stating that Max Madsen was not authorized to make misrepresentations concerning their vehicles. Thus, Max Madsen was not acting as Mitsubishi's actual agent when it misrepresented the odometer mileage on the vehicle sold to plaintiff.

However, while there is no evidence that Max Madsen acted as an actual agent of Mitsubishi, there are genuine issues of material fact as to whether Mitsubishi may be liable under a theory of apparent agency. Apparent agency arises when the principal gives an agent

5

04 C 1716

authority to act on its behalf and a reasonably prudent person would assume the agent to have this authority. Letstos v. Century 21-New West Realty, 675 N.E.2d 217, 221 (Ill. App. 1996). To prove that Max Madsen is an apparent agent of Mitsubishi, plaintiff must establish: (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, a third party reasonably relied on the fact that the party was an agent of the principal; and (3) the third party justifiably relied on the agent's apparent authority to his detriment. Id. There is a genuine issue of material fact as to whether plaintiff reasonably relied on the fact that Max Madsen was an agent of Mitsubishi.

In Azimi v. Ford Motor Company, the court found that the plaintiff had adequately alleged that a dealership acted as the apparent agent of the manufacturer because Ford's logo was displayed at the dealer, on the warranties and on technical bulletins that the dealer distributed; Ford trained the dealership staff on its warranty policies; and the only personnel that could repair and maintain the vehicles were Ford-trained mechanics. 977 F. Supp. 847, 862 (N.D. Ill. 1996); see Williams v. Ford Motor Company, et al, 990 F. Supp. 551, 556 (N.D. Ill. 1997). Plaintiff presents evidence that Mitsubishi required Max Madsen employees to be trained by and use parts and tools provided by Mitsubishi. Id. See O'Banner v. McDonald's, 670 N.E.2d 632, 635 (Ill. 1996). Max Madsen's use of logos and signs creates a genuine issue of material fact as to whether Mitsubishi knowingly acquiesced in Max Madsen's use of authority, and whether plaintiff reasonably relied on this agency relationship to his detriment. Defendants argue that Mitsubishi and Max Madsen have a "Dealer Sales and Service Agreement" that precludes an apparent agency because the agreement expressly states that Max Madsen is not an actual or apparent agent of the defendants. However, under Illinois law, where the principal creates the

6

appearance of authority, a court will not hear the principal's denials of agency to the prejudice of an innocent third party, who has been led to reasonably rely upon the agency and is harmed as a result. Id. At 635.

Defendants rely heavily on the belief that plaintiff did not rely on the fact that Max Madsen was an agent of Mitsubishi. Defendants argue that plaintiff admitted that he believed that Max Madsen's employees were not acting on behalf of Mitsubishi at the time of sale. However, this court can not conclude that no apparent agency relationship existed between Mitsubishi and Max Madsen merely because plaintiff recognized the distinction between the two entities at the time of purchase. Plaintiff points to evidence that he knew he was dealing with Mitsubishi with regard to the warranty he purchased from Max Madsen. It is true that plaintiff did not believe that Max Madsen was acting on behalf of Mitsubishi in every instance at the time of sale. However, there is a genuine issue as to whether plaintiff believed at the time Max Madsen made the representation of the vehicle's mileage that Max Madsen was acting on behalf of Mitsubishi. Because a reasonable jury could find defendants liable under the Illinois Consumer Fraud and Deceptive Business Practices Act and for common law fraud under a theory of apparent agency, defendants' motion for summary judgment as to Counts IV and V of the complaint are denied.

Defendants next seek summary judgment on Count II of the complaint, arguing that plaintiff is not entitled to relief for a breach of implied warranty because plaintiff was not in privity with defendants. First, defendants contend that they are entitled to summary judgment as a matter of law as to Count II because plaintiff can not bring a breach of implied warranty claim against a manufacturer for purely economic damages where there is no privity between plaintiff

04 C 1716

and the manufacturer. Defendants claim that there was no privity between defendants and plaintiff because Max Madsen was the direct seller of the vehicle. No genuine issues of material fact exist as to whether plaintiff is entitled to relief against defendants for breach of implied warranty because there was no privity between the parties. Thus, defendants' request for summary judgment on Count II is granted. In light of this determination, the Court need not address defendants' alternative arguments as to whether defendant's breached the implied warranty.

Plaintiff relies on the Magnuson-Moss Warranty Act ("Act") as authority for the claim made in Count II. See 15 U.S.C. § 2310(d). Section 2310(d) provides for suits alleging breach of implied warranties. Id. Section 2301(d)(7) of the act refers to implied warranties "arising under State law." 15 U.S.C. § 2310(d). Thus, on the question of whether plaintiff has a valid claim under the Act, Illinois law controls. See <u>Larry J. Soldinger Assoc., Ltd. v. Aston Marton Lagonas of North America, Inc. et al</u>, 1999 U.S. Dist. LEXIS 14765 (N.D. Ill. 1999). Illinois law generally requires privity to sustain implied warranty claims when a plaintiff only alleges economic losses. <u>Schimmer v. Jaguar Cars Inc.</u>, 2003 U.S. Dist. LEXIS 11226, (N.D. Ill. 2003); see <u>Rothe v. Maloney Cadillac, Inc.</u>, 518 N.E.2d 1028, 1034 (Ill. 1988); <u>Connick</u>, 675 N.E.2d at 591. The Illinois Supreme Court has expressly declined to eliminate the privity requirement in implied warranty economic loss cases. <u>Szajna v. General Motors Corp.</u>, 503 N.E.2d 760, 769 (Ill. 1986).

While the Seventh Circuit has not expressly addressed this privity requirement in the context of implied warranty claims under the Act, the Second Circuit has held that implied warranty claims are barred if state law requires privity between the product buyer and seller. See

8

04 C 1716

Abraham v. Volkswagen of America, 795 F.2d 238, 247-248 (2d. Cir. 1986). In Abraham, members of the plaintiff class did not purchase their vehicles directly from Volkswagen and the Second Circuit held that these plaintiffs could not sustain breach of implied warranty claims because no privity existed between the buyers and the manufacturer. Id. at 247. Here, no privity exits because plaintiff purchased the vehicle from Max Madsen and not directly from defendants.

The Illinois Supreme Court in Rothe and Szajna determined that the Act allowed buyers to sustain breach of implied warranty claims against manufacturers where the manufacturer supplied purchasers with written warranties. See Rothe, 119 Ill.2d at 294; Szajna, 115 Ill.2d at 315-316. However, the Illinois Supreme Court's interpretation of federal law is not binding on this court. See Soldinger, 1999 U.S. Dist. LEXIS 14765 at *26-31. Instead, this court is persuaded that the rule stated in Soldinger is a correct reading of the Act. Id. With respect to the lack of privity between plaintiff and defendants, there is no genuine issue of material fact as to whether defendants breached plaintiff's implied warranty. Accordingly, summary judgment on Count II of the complaint is granted.

Count I of plaintiff's complaint alleges breach of written warranty under the Act. Under Section 2304(a)(1) of the Act, warrantors must "remedy [a] consumer product within a reasonable time and without charge, in the case of a defect." 15 U.S.C. § 2304(a)(1). "If the product contains a defect after a reasonable number of attempts . . . such warrantor must permit the consumer to elect either a refund or a replacement without charge . . . ." Id. § 2304(a)(4).

Defendants contend that they are entitled to summary judgment on Count I of the complaint. Defendants argue that plaintiff must prove some failure of defendants to perform

9

04 C 1716

under the Act to successfully bring a claim for breach of written warranty. Mitsubishi states that each defect was fixed in one visit and that any breach of warranty was cured within a reasonable number of attempts as required under the Act. Plaintiff contends that he returned the vehicle to the dealer on four separate occasions and that only two or three return visits are required for breach of warranty under the Act. For the following reasons, this court concludes that genuine issues of material fact exist as to whether Mitsubishi breached the written warranty.

The parties disagree on how many repair attempts are "reasonable" under the Act. Defendants admit that plaintiff presented his vehicle to Max Madsen on three occasions reporting problems that were covered under warranty and that other repairs were made as voluntary safety recalls. However, defendants argue that each defect was fixed in one visit; thus, the number of repair attempts was reasonable. Plaintiff contends that he was required to bring the vehicle to an authorized Mitsubishi dealership on four separate occasions for various repairs and made additional visits for recall work. Plaintiff argues a warrantor is given a reasonable number of attempts to fix all of a product's defects.

The Act allows a manufacturer "several" attempts to remedy defects. Soldinger, 1999 U.S. Dist. LEXIS at *14. The Act states that if a product still contains "a defect" after a reasonable number of repair attempts, the consumer can elect to return the product. 15 U.S.C. § 2304(a)(4). Thus, in Soldinger, the court concluded that the Act required the warrantor to remedy all defects in a reasonable amount of time; the warrantor was not given a reasonable amount of time to fix each defect. Id. at *16. The court concluded as a matter of law that two or three repair attempts do not exceed a reasonable number of repair attempts, as required by the Act; however, six or seven repair attempts raises an issue of material fact as to reasonableness

04 C 1716

"that should be resolved by a jury." Id. at *16. Plaintiff brought the vehicle for repairs and recall work on four separate occasions. This court concludes there is a genuine issue of material fact as to whether the number of repair attempts in this case was reasonable under the Act. Accordingly, defendants' motion for summary judgment on Count I is denied. Finally, because plaintiff has a viable claim against defendants, defendants' request for summary judgment on Counts III and VII of the complaint for revocation of acceptance and revocation of retail installment contract is denied.

**ORDERED:** Defendants' motion for summary judgment [18] is granted in part and denied in part. Defendants' request for summary judgment is granted with respect to Count II of the complaint and denied with respect to Counts I, III, IV, V and VII of the complaint.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: OCT 27 2004

11